Niels W. Frenzen (CA 139064)
nfrenzen@law.usc.edu
Jean E. Reisz (CA 242957)
jreisz@law.usc.edu
USC Gould School of Law, Immigration Clinic
699 Exposition Blvd.
Los Angeles, CA 90089-0071
213-740-8933; 213-821-3108

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Bayron ROVIDIO MARIN,<br>                              Petitioner,<br>          v.<br><br>Kristi NOEM, Secretary, U.S. Department of Homeland Security; Pamela BONDI, U.S. Attorney General; Todd LYONS, Acting Director, Immigration and Customs Enforcement; Ernesto SANTACRUZ JR., Acting Director, Los Angeles Field Office, Immigration and Customs Enforcement, Enforcement and Removal Operations; IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br>                              Respondents. | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; VERIFIED PETITION** |

1

**INTRODUCTION**

1.  Petitioner Bayron Rovidio Marin is in the physical custody of

Respondents at the Harbor-UCLA Medical Center in Carson, California.

2.  Petitioner is unlawfully detained. The Department of Homeland Security

(DHS) arrested Petitioner on August 27, 2025 and transported him to the Harbor-

UCLA Medical Center after he suffered severe injuries during the arrest.  DHS has

not placed Petitioner in removal proceedings or charged Petitioner with a violation

of immigration law.  Petitioner's liberty is unlawfully restrained by DHS who has

placed guards within his hospital room twenty-four hours a day and controls access

to the Petitioner by medical personnel, attorneys, and family members.

3.  Petitioner's detention is unlawful because Petitioner has been in

the custody of Respondents for over one month and Respondents have not placed

Petitioner in removal proceedings or otherwise alleged that Petitioner is in violation

of immigration law or has committed a criminal offense.   There is no legal basis

for Petitioner's detention under these circumstances.

4.  Respondents' detention of Petitioner violates the Fifth Amendment's Due

Process Clause. "Freedom from imprisonment—from government custody,

detention, or other forms of physical restraint—lies at the heart of the liberty that

Clause protects*." Zadvydas v. Davis*, 533 U.S. 678, (2001).  Arbitrary civil

detention is not a feature of our American government. *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018).

5.   Respondents' detention of Petitioner for over a month without a determination as to whether Petitioner should be released on bond or on his own recognizance, and without issuance of a Notice to Appear (NTA) or arrest warrant violates the applicable regulation.  8 CFR § 287.3(d) requires Respondents to make a custody determination and to decide whether to commence removal proceedings within 48 hours of arrest.

6.   Respondents' detention of Petitioner without charges is arbitrary, capricious, and a violation of law.  5 U.S.C. § 706(2).

7.   Although Petitioner has not been served with a Notice to Appear  containing factual allegations and charges of removability, and is not in removal proceedings, upon information and belief, Respondents believe Petitioner is present in the United States without admission and removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). On July 8, 2025, DHS issued a new policy[1] instructing all Immigration and Customs Enforcement (ICE) employees to consider anyone inadmissible under §

---

[1] "Interim Guidance Regarding Detention Authority for Applicants for Admission", ICE, July 8, 2025.  *Available at*:  https://immpolicytracking.org/policies/ice-issues-memo-eliminating-bond-hearings-for-undocumented-immigrants/#/tab-policy-documents.

1182(a)(6)(A)(i)—i.e., those who entered the United States without admission or

inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)

and therefore ineligible to be released on bond during the removal hearing process.[2]

Petitioner's detention on this basis would violate the plain language of

the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*  Section

1225(b)(2)(A) does not apply to individuals like Petitioner who have allegedly

previously entered and are now present and residing in the United States. Instead,

such individuals are subject to a different statute, § 1226(a), that allows for release

on conditional parole or bond. Respondents' new legal interpretation of the INA is

plainly contrary to the statutory framework and contrary to decades of agency

practice applying § 1226(a) to people like Petitioner who are present within the

United States.

8.   Respondents' new legal interpretation of the INA also violates Petitioner's

right to due process.  All individuals within the United States have constitutional

rights. "[T]he Due Process Clause applies to all 'persons' within the United States,

---

[2] Similarly, on September 5, 2025, the Board of Immigration Appeals (BIA or
Board), a component of EOIR, issued a precedent decision, binding on all
immigration judges, holding that an immigration judge has no authority to consider
bond requests for any person who entered the United States without admission. See
Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). The Board determined
that such individuals are subject to mandatory detention under 8 U.S.C. §
1225(b)(2)(A) and therefore ineligible to be released on bond

including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

9.  Accordingly, Petitioner seeks a writ of habeas corpus requiring that he be released from the custody of Respondents.

## JURISDICTION

10.  Jurisdiction is proper and relief is available pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (original jurisdiction), 5 U.S.C. § 702 (waiver of sovereign immunity), 28 U.S.C. § 2241 (habeas corpus jurisdiction), and Article I, Section 9, clause 2 of the United States Constitution (the Suspension Clause).

11.  This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

12.  Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493- 500  (1973), venue lies in the United States District Court for the Central District of California, the judicial district in which Petitioner is currently detained.

13.  Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e)

because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California.

### REQUIREMENTS OF 28 U.S.C. § 2243

14. The Court must grant a petition for writ of habeas corpus or order Respondents to show cause "forthwith," unless a petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, Respondents must file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

15. Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.,* 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

### PARTIES

16. Petitioner Bayron Rovidio Marin was arrested by CBP agents on August 27, 2025 in Carson, California . He was injured and immediately transported to UCLA-Harbor Medical Center in Carson, California where he has remained since that date in the custody of DHS. Since the time of Petitioner's

arrest, neither CBP officials nor ICE officials have set bond or issued a Notice to

Appear or otherwise processed Petitioner.

***Respondents***

17.  Respondent Kristi Noem is the Secretary of the Department of

Homeland Security. She is responsible for the implementation and enforcement of

the Immigration and Nationality Act and oversees ICE, which is responsible for

Petitioner's detention. Ms. Noem has ultimate custodial authority over Petitioner.

She is sued in her official capacity.

18. Todd Lyons is the Acting Director of Immigration and Customs

Enforcement, a federal law enforcement agency within the Department of

Homeland Security. ICE's responsibilities include operating the immigration

detention system. In his capacity as ICE Acting Director, Respondent Lyons

exercises control over and is a custodian of persons held at ICE facilities nationally.

He is Petitioner's immediate custodian and is responsible for Petitioner's detention.

He is sued in his official capacity.

19. Respondent Ernesto Santacruz Jr. is the Acting Director of the

Los Angeles Field Office of ICE's Enforcement and Removal Operations division.

As such, he is the custodian of all persons held at the ICE facilities within the Los

Angeles Field Office.  He is Petitioner's immediate custodian and is responsible for

Petitioner's detention.

20.  Respondent Department of Homeland Security (DHS)  is the federal

agency responsible for implementing and enforcing the INA, including the

detention and removal of noncitizens.

21.  Respondent Immigration and Customs Enforcement (ICE) is the

agency within DHS responsible for implementing and enforcing the INA, including

the detention and removal of noncitizens.

## LEGAL FRAMEWORK

22.  The regulation governing warrantless arrests of noncitizens require

Respondents to make a prima facie determination that an arrested noncitizen "was

entering, attempting to enter, or is present in the United States in violation of

immigration laws" and refer the case to an immigration judge for proceedings or

impose the expedited removal provisions.  8 C.F.R. § 287.3(b).

23.  Within 48 hours of the noncitizen's arrest- or within a reasonable period of

time in the event of an emergency or extraordinary circumstances- a determination

must be made whether to continue to detain the noncitizen or release "on bond or

recognizance and whether a notice to appear and warrant of arrest… will be

issued."  8 C.F.R. § 287.3(d).

24.  It has been over one month since Petitioner's arrest and there has been no

determination regarding bond or the issuance of an NTA or warrant.  This exceeds

the 48 hours prescribed by statute and is an unreasonable amount of additional time

given the circumstances.

25.  The INA prescribes three basic forms of detention for the vast

majority of noncitizens in removal proceedings conducted pursuant to 8 U.S.C. § 1229a.

26.  First, 8 U.S.C. § 1226 authorizes the detention of noncitizens in §1229a removal proceedings before an IJ.  Individuals covered by § 1226(a) detention are generally entitled to a bond hearing at the outset of their detention, *see* 8 C.F.R. §§ 1003.19(a), 1236.1(d), while certain noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention. *See* 8 U.S.C. § 1226(c).

27.  Second, the INA provides for mandatory detention of noncitizens subjected to an Expedited Removal order imposed pursuant to 8 U.S.C. § 1225(b)(1) and for certain other noncitizen applicants for admission to the U.S. who are deemed not clearly entitled to be admitted.  *See* 8 U.S.C. § 1225(b)(2).

28.  Last, the INA provides for detention of noncitizens who have been ordered removed, including individuals in withholding-only proceedings. *See* 8 U.S.C. § 1231(a)–(b).

29.  Petitioner does not fall under any of these detention provisions.  He is not in removal proceedings, he is not subjected to expedited removal, he has not been alleged with being arrested, charged with, or convicted of any crimes.

30.  Should DHS charge Petitioner with being present without admission, this case would concern the detention provisions at 8 U.S.C. §§ 1226(a) and 1225(b)(2).

31.  The detention provisions at § 1226(a) and § 1225(b)(2) were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-–208, Div. C, §§ 302–03, 110 Stat. 3009-546, 3009–582 to 3009–583, 3009–585. Section 1226 was most recently amended in early 2025 by the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025).

32.  Following the enactment of the IIRIRA in 1996, EOIR drafted new Regulations applicable to proceedings before immigration judges explaining that, in general, people who entered the country without inspection – also referred to as being "present without admission" - were not considered detained under § 1225 and that they were instead detained under § 1226(a).  *See* Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

33.  Thus, in the decades that followed, most noncitizens who entered without inspection and were placed in standard § 1229a removal proceedings received bond hearings before IJs, unless their criminal history rendered them ineligible pursuant to § 1226(c). That practice was consistent with many more decades of practice prior to IIRIRA, in which noncitizens who were not deemed "arriving" were entitled to a custody hearing before an IJ or other hearing officer. *See* 8 U.S.C. § 1252(a) (1994); *see also* H.R. Rep. No. 104-469, pt. 1, at 229 (1996) (noting that § 1226(a) simply "restates" the detention authority previously found at § 1252(a)).

34.  This practice both pre- and post-enactment of IIRIRA in 1996 is consistent with the fact that noncitizens present within the United States – as opposed to noncitizens present at the border and seeking admission - have constitutional rights. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

35.  On July 8, 2025, ICE, "in coordination with" the Department of Justice, announced a new policy that rejected the well-established understanding of the statutory framework and reversed decades of practice.

36.  The new policy, entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission,"[3] claims that all noncitizens who entered the United States without inspection shall now be deemed "applicants for admission" and subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). The policy applies regardless of when a person is apprehended, and affects those who have resided in the United States for months, years, and even decades.

37.  On September 5, 2025, the BIA adopted this same position in a published decision, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). The Board held that all noncitizens who entered the United States without

---

[3] *Available at*:  https://immpolicytracking.org/policies/ice-issues-memo-eliminating-bond-hearings-for-undocumented-immigrants/#/tab-policy-documents.

admission or parole are subject to mandatory detention under § 1225(b)(2)(A) and are ineligible for IJ bond hearings.

38.  Since Respondents and the EOIR adopted their new policies, dozens of federal courts have rejected their new interpretation of the INA's detention authorities. Courts have likewise rejected *Matter of Yajure Hurtado,* which adopts the same reading of the statute as ICE.

39.  Even before ICE or the BIA introduced these nationwide policies, IJs in the Tacoma, Washington immigration court stopped providing bond hearings for persons who entered the United States without inspection and who have since resided here. There, the U.S. District Court in the Western District of Washington found that such a reading of the INA is likely unlawful and that § 1226(a), not § 1225(b), applies to noncitizens who are not apprehended upon arrival to the United States. *Rodriguez Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025).

40.  Subsequently, court after court has adopted the same reading of the INA's detention authorities and rejected ICE and EOIR's new interpretation, including at least six cases in the Central District of California.  *See Arreola Armenta v. Noem,* 5:25-cv-2416-JFW-SP (C.D. Cal. Sept. 16, 2025); *Zaragoza Mosqueda v. Noem*, No. 5:25-CV-02304-CAS-BFM, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Benitez v. Noem,* 5:25-cv-2190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Ceja Gonzalez v. Noem,* 5:25-cv-2054-ODW-BFM (C.D. Cal. Aug. 13, 2025); *Arrazola-Gonzalez v. Noem*, No. 5:25-cv-01789-ODW-DFM, 2025 WL 2379285

(C.D. Cal. Aug. 15, 2025); and *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025).   And outside of the Central District, *see also, Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); *Diaz Martinez v. Hyde*, No. CV 25-11613-BEM, --- F. Supp. 3d ----, 2025 WL 2084238 (D. Mass. July 24, 2025); *Rosado v. Figueroa*, No. CV 25-02157 PHX DLR (CDB), 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), report and recommendation adopted, No. CV-25-02157-PHX-DLR (CDB), 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *Lopez Benitez v. Francis,* No. 25 CIV. 5937 (DEH), 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Maldonado v. Olson*, No. 0:25-cv-03142-SRN-SGE, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Romero v. Hyde*, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Samb v. Joyce*, No. 25 CIV. 6373 (DEH), 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025); *Leal-Hernandez v. Noem*, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Kostak v. Trump*, No. 3:25-cv-01093-JE-KDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), --- F. Supp. 3d ----, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-cv-12486-BRM-EAS, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Vasquez Garcia v. Noem*, No. 25-cv-02180-DMS-MM, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Sampiao v. Hyde*, No. 1:25-CV-11981-JEK,

2025 WL 2607924 (D. Mass. Sept. 9, 2025); *see also, e.g., Palma Perez v. Berg*, No. 8:25CV494, 2025 WL 2531566, at *2 (D. Neb. Sept. 3, 2025) (noting that "[t]he Court tends to agree" that § 1226(a) and not § 1225(b)(2) authorizes detention); *Jacinto v. Trump*, No. 4:25-cv-03161-JFB-RCC, 2025 WL 2402271 at *3 (D. Neb. Aug. 19, 2025) (same); *Anicasio v. Kramer*, No. 4:25-cv-03158-JFB-RCC, 2025 WL 2374224 at *2 (D. Neb. Aug. 14, 2025) (same); *but see, Sixtos Chavez v. Noem*, No. 3:25-cv-2325-CAB-SBC (S.D. Cal. Sept. 24, 2025) (denying TRO and accepting government's interpretation of § 1225(b)(2)).

41. Numerous courts have rejected DHS's and EOIR's new interpretation because it defies the INA. As the *Rodriguez Vazquez* court and others have explained, the plain text of the statutory provisions demonstrates that § 1226(a), not § 1225(b), would apply to people like Petitioner.

42. Section 1226(a) applies by default to all persons "pending a decision on whether the [noncitizen] is to be removed from the United States."  Removal hearings are held pursuant to § 1229a, to "decid[e] the inadmissibility or deportability of a[] [noncitizen]."

43. The text of § 1226(a) also explicitly applies to individuals charged as being inadmissible, including those who entered without inspection. *See* 8 U.S.C. § 1226(c)(1)(E). Subparagraph (E)'s reference to inadmissible individuals makes clear that, by default, such individuals are afforded a bond hearing under subsection (a). As the *Rodriguez Vazquez* court explained, "[w]hen Congress creates "specific

14

exceptions" to a statute's applicability, it "proves" that absent those exceptions, the
statute generally applies. *Rodriguez Vazquez*, 779 F.Supp. 3d at 1257 (citing *Shady
Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010)); *see
also Gomes,* 2025 WL 1869299, at *7.

44.  Section 1226 therefore leaves no doubt that it applies to noncitizens
present in the United States who face charges of being inadmissible to the United
States, including those who are present without admission or parole.

45.  By contrast, § 1225(b) applies to people arriving at U.S. ports of entry
or who recently entered the United States and are encountered at or near the border.
The statute's entire framework is premised on inspections at the border of people
who are "seeking admission" to the United States. 8 U.S.C. § 1225(b)(2)(A).
Indeed, the Supreme Court has explained that this mandatory detention scheme
applies "at the Nation's borders and ports of entry, where the Government must
determine whether a[] [noncitizen] seeking to enter the country is admissible."
*Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).

46.  Accordingly, the mandatory detention provision of § 1225(b)(2) does
not apply to people like Petitioner, who have already entered and were residing in
the United States at the time they were apprehended.

## FACTS

47.  Petitioner resides in California. He has no previous contact with
immigration authorities.

15

48.   On August 27, 2025, CBP arrested Petitioner in Carson, California. During his arrest, Petitioner sustained severe injuries to his leg and CBP transported him to UCLA-Harbor Medical Center in Carson, California where he was hospitalized as a "custody" of ICE.  Petitioner remains in the custody of ICE at UCLA-Harbor Medical Center with private contractor guards posted inside his patient room at all times and controlling and limiting access to Petitioner by medical personnel, attorneys, and family members.

49.   ICE has not placed Petitioner in removal proceedings or charged him with being in violation of immigration law.  Upon information and belief, no warrant for Petitioner's arrest has been issued.

**FIRST CLAIM FOR RELIEF**

**There Is No Statutory Authority for Petitioner's Detention.**

50.   Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

51.   The statutes authorizing detention do not apply to Petitioner.  8 U.S.C. § 1226 authorizes the detention of noncitizens in §1229a removal proceedings before an IJ.  Petitioner is not in removal proceedings and has not been issued an NTA. Based on information and belief Petitioner has not been arrested, charged with, or convicted of crimes that would make Petitioner subject to mandatory detention under 8 U.S.C. § 1226(c).  Petitioner is not subject to an Expedited Removal order that would authorize mandatory detention under 8 U.S.C. § 1225(b)(1).  Petitioner

has not been previously ordered removed and therefore is not subject to detention pursuant to 8 U.S.C. § 1231(a)–(b).

52.  Detention's goal is to effectuate removal and there is no justification for detention that is not related "to the purpose for which the individual [was] committed." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Jackson v. Indiana*, 406 U.S. 715, 92 (1972)).

53.  Petitioner's detention is not authorized because he is detained without any charge of being in violation of immigration law and has not been placed in removal proceedings.

## SECOND CLAIM FOR RELIEF

**Petitioner's Detention Violates His Fifth Amendment Right to Due Process.**

54.   Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

55.   The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

56.   Petitioner has a fundamental interest in liberty and being free from official restraint.

57.  The Respondents' detention of Petitioner without charging him or

making a custody determination as to whether he is a flight risk or a danger to others violates his right to Due Process.

### THIRD CLAIM FOR RELIEF

**Petitioner's Detention is in Violation of DHS Regulations.**

58.  Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

59.  Petitioner's detention after his arrest without a warrant violates 8 CFR § 287.3 because he has been detained for over one month without a determination that he is in violation of immigration law, without release on bond, and without the issuance of an NTA and any civil immigration charges.

60.  The regulation requires the issuance of an NTA within 48 hours of a warrantless arrest, or within a reasonable time period in the event of an emergency. 8 CFR § 287.3 (d).  Petitioner's ongoing detention for over one month without the issuance of an NTA and release on bond is unreasonable and violates 8 CFR § 287.3.

### FOURTH CLAIM FOR RELIEF

**Petitioner's Detention is in Violation of 8 U.S.C. § 1226(a)**

61.  The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who have entered and were residing in the United States prior to being arrested and who are potentially subject to § 1229a removal proceedings for being present without admission pursuant to 8 U.S.C. §

1182(a)(6)(A)(i)  Such noncitizens may only be detained pursuant to § 1226(a), unless subject to § 1225(b)(1), § 1226(c), or § 1231.

62.  The application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention without a bond hearing and violates 8 U.S.C. § 1226(a).

### FIFTH CLAIM FOR RELIEF

### Petitioner's Detention Violates the Administrative Procedure Act, 5  U.S.C. § 706(2)

63. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

64.   Under the Administrative Procedure Act, a court must "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," that is "contrary to constitutional right [or] power," or that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A)-(C).

65.  Respondents' detention of Petitioner is arbitrary and capricious, violates the INA and the Fifth Amendment, is not authorized under any statute including § 1225(b)(2), and therefore is in violation of 5 U.S.C. § 706(2).

### PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully asks that this Court take jurisdiction over this matter and grant the following relief:

a.    Issue an Order to Show Cause ordering Respondents to show cause within three days why this Petition should not be granted;

b.    Issue a Writ of Habeas Corpus requiring Respondents to release Petitioner from custody and remove all restraints on his liberty – including removing the guards or other security personnel in or near Petitioner's hospital room at Harbor-UCLA Medical Center.

c.    Declare that Petitioner's detention is unlawful;

d.    Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

Grant any other and further relief that this Court deems just and proper.

DATED: September 30, 2025.                    s/ Jean Reisz
                                              JEAN REISZ
                                              NIELS W. FRENZEN
                                              USC GOULD SCHOOL OF LAW
                                              IMMIGRATION CLINIC

                                              *Attorneys for Petitioner*

# **VERIFICATION**

I, Jean Reisz, declare as follows:

I am an attorney admitted to practice law in the State of California.

Because many of the allegations of this Petition require a legal knowledge not possessed by Petitioner, I am making this verification on his behalf.

I have read the foregoing Petition for Writ of Habeas Corpus and know the contents thereof to be true to my knowledge, information, or belief.

I certify under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 30, 2025.

s/ Jean Reisz
JEAN REISZ
USC GOULD SCHOOL OF LAW
IMMIGRATION CLINIC

Attorney for Petitioner
