UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09343-CV (SSCx) | Date | October 21, 2025 |
| Title | *Marin v. Noem, et al.* | | |

Present: The Honorable    Cynthia Valenzuela, United States District Judge

| Jessica Cortes | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE PRELIMINARY INJUNCTION AND DISCHARGING THE ORDER TO SHOW CAUSE [9]**

On October 4, 2025, this Court issued a Temporary Restraining Order ("TRO") and Order to Show Cause ("OSC") why a preliminary injunction should not issue. Doc. # 9. On October 8, 2025, Respondents responded to the OSC with a "Report on Petitioner's Release: Suggestions of Mootness." Doc. # 12. Petitioner replied to Respondents' response on October 14, 2025. Doc. # 13. On October 15, 2025, the Court vacated the October 16, 2025 hearing on the OSC. Doc. # 14.

As the facts here are not in dispute, the Court determines that the OSC is capable of resolution without a hearing. *See* C.D. Cal. L. Civ. R. 7-15; *Charlton v. Est. of Charlton*, 841 F.2d 988, 989 (9th Cir. 1988). For the reasons detailed below, the Court DENIES the request for a preliminary injunction WITHOUT PREJUDICE and DISCHARGES the OSC subject to reinstatement.

**I.    BACKGROUND**

The relevant facts are undisputed and summarized in the Court's October 4, 2025 Order. *See* Doc. #9 at 1–3. In brief, Petitioner was arrested without a warrant by immigration officers on August 27, 2025. During the arrest, his leg was broken and he was taken to Harbor-UCLA Medical Center. From August 27 to October 4, 2025, he remained

under constant ICE supervision. During that time, Petitioner was prohibited from contacting family or friends, denied confidential visits with counsel or his medical team, and was questioned about his immigration status and other sensitive matters—occasionally while in pain or under medication. Despite repeated requests, Petitioner's counsel was never informed of the factual basis for his arrest. Petitioner has not been charged nor formally processed.

On October 8, 2025, Respondents filed a three-page response to the Court's OSC. *See* Doc. #12. They did not address the factors governing preliminary injunctive relief, but instead argued that the case is moot because they complied with the TRO by ordering ICE agents to depart from Petitioner's hospital room. *Id.* at 2. As with their opposition to the TRO, Respondents did not provide a factual basis for Petitioner's original arrest or detention—they did not represent to the Court that Petitioner is a noncitizen or that he violated any law. *See* Doc. #7. Respondents also filed a brief declaration from Marco A. Vela Jr., Supervisory Detention and Deportation Officer for the ERO Los Angeles Field Office. *See* Doc. #12-1. Officer Vela attested that, on October 4, 2025, he ordered ICE agents stationed "in or near Petitioner's hospital room at Harbor–UCLA Medical Center to depart the vicinity," that the agents complied, and that Petitioner was no longer in ICE custody. *Id.* ¶¶ 3–5.

On October 14, 2025, Petitioner filed his response to the OSC. *See* Doc. #13. Petitioner does not dispute that ICE agents departed his hospital room on October 4 and identifies no ongoing restraints on his liberty. *See generally id.* He argues, however, that the case is not moot because Respondents' conduct and public statements suggest they "intend to, once again, arrest and subject Petitioner to unlawful detention." *Id.* at 2. Petitioner therefore seeks a preliminary injunction requiring that he remain free from government custody or any restraints on his liberty absent a pre-deprivation hearing before an immigration judge. *Id.*

## II. RESPONDENTS' REQUEST TO DETERMINE THIS CASE MOOT IS PREMATURE

The Supreme Court has set a "stringent" standard for determining whether a case becomes moot due to a defendant's voluntary cessation of challenged conduct. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)). A case is moot only when "subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* The party asserting mootness bears a "heavy burden" to make that showing. *Id.*

The Ninth Circuit has deemed habeas petitions moot where the government's actions fully and permanently resolve the petitioner's claim. *See, e.g.*, *Panosyan v.*

*Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (finding habeas petition moot where petitioner's bond release became final after ICE declined to appeal); *Valdez v. Benov*, 715 F. App'x 611, 614 (9th Cir. 2017) (same where petitioner's good time credits were restored). The Ninth Circuit has also found mootness when the government grants the habeas petitioner's requested relief and provides sworn assurances that the challenged conduct would not recur. *See, e.g.*, *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding habeas petition moot after the petitioner's release, supported by a government declaration guaranteeing parole absent changed circumstances); *De Gomez v. Baker*, 606 F. App'x 409 (9th Cir. 2015) (same where release was accompanied by sworn assurances that re-detention would not occur without a bond hearing).

Here, Respondents have complied with the Court's October 4, 2025 TRO, and Petitioner is not presently in ICE custody. Respondents have not, however, met their "heavy burden" to demonstrate mootness. They have provided no assurance—sworn or otherwise—that Petitioner will not again be detained unlawfully upon the expiration of the TRO or his discharge from the hospital. Their statements to this Court are vague and equivocal, falling well short of making it "absolutely clear" that the challenged conduct will not recur. Nor do Respondents' public statements provide the necessary assurance; if anything, they suggest an intent to re-arrest and detain Petitioner, albeit under unspecified circumstances.

Accordingly, the Court declines to find this case moot at this time. A briefing schedule has been set for a motion to dismiss (see Doc. # 11), and this issue can be resolved through that process.

### III.  PETITIONER HAS FAILED TO SHOW IRREPARABLE HARM

A preliminary injunction requires a showing of likely—not speculative—irreparable harm. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008); *Bd. of Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). This harm must also be imminent; "establishing a threat of irreparable harm in the indefinite future is not enough." *Amylin Pharms., Inc. v. Eli Lilly & Co.*, 456 F. App'x 676, 679 (9th Cir. 2011). Although voluntary cessation of challenged conduct may not moot a case, it remains relevant to whether the plaintiff faces irreparable harm. *See United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953); *Lofton v. Verizon Wireless (VAW) LLC*, 586 F. App'x 420, 421 (9th Cir. 2014); *Citizens for Quality Educ. San Diego v. Barrera*, 333 F. Supp. 3d 1003, 1028 (S.D. Cal. 2018).

Here, Petitioner is no longer in ICE custody and faces no present restraints on his liberty. Respondents' prior conduct in detaining Petitioner for over 37 days without any process was deeply troubling, but their subsequent compliance with the Court's TRO immediately after it was issued is a positive development. Respondents' statements to the

Court, while insufficient to make it "absolutely clear" Respondents will not re-arrest and unlawfully detain Petitioner, also do not show that future unlawful detention is imminent. For example, in opposition to Petitioner's request for a TRO, Respondents defended their practice of denying a bond hearing to detainees who entered the United States without inspection—a practice that has been overwhelming rejected by most courts. Doc. # 7 at 6; Doc. 1 at ¶ 40 (citing cases). But Respondents did not assert that this policy would apply to Petitioner, relying instead on hypothetical reasoning that the policy would apply to Petitioner "to the extent" Respondents later determine he entered the country without inspection. *Id*.

Respondents' public statement supposedly explains the basis for Petitioner's August 27, 2025 arrest. *See* Doc. # 13 at 9. But Respondents have not made any comparable statement to this Court—let alone one under oath. The fact that Respondents did not directly provide this information to the Court suggests Respondents do not presently have a sufficient basis to re-arrest Petitioner. Accordingly, the Court finds that Petitioner does not face an immediate risk of renewed detention.

Because Petitioner has not shown a likelihood of imminent irreparable harm, the Court finds he has not satisfied the threshold requirement for preliminary injunctive relief.

### IV.     CONCLUSION

For the foregoing reasons, the request for a preliminary injunction is DENIED WITHOUT PREJUDICE and the Court's October 4, 2025 OSC is DISCHARGED subject to reinstatement.

**IT IS SO ORDERED.**